UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAWRENCE STEELE,<br><br>    Petitioner,<br><br>    v.<br><br>ISAAC FULWOOD,<br><br>    Respondent. | Case No. 10-cv-1965-RSM-JPD<br><br>REPORT AND RECOMMENDATION |

I.  INTRODUCTION AND SUMMARY CONCLUSION

Petitioner, a former pre-trial inmate at the SeaTac Federal Detention Center proceeding through counsel and *in forma pauperis* in this 28 U.S.C. § 2241 action, filed a petition for writ of mandamus pursuant to 28 U.S.C. § 1361 on December 8, 2010.  Dkt. 4.  Specifically, petitioner contends that the United States Parole Commission (the "Commission") failed to provide him with a parole revocation hearing within ninety days of the date plaintiff was retaken into federal custody as required by 18 U.S.C. § 4214(c), entitling him to either release from federal custody and reinstatement on parole or an immediate local revocation hearing. *See id*. at 7-8.  Although the government concedes that the Commission failed to comply with

ORDER
PAGE - 1

the requirements of 18 U.S.C. § 4214(c), it argues that petitioner's claims became moot when the Bureau of Prisons relinquished petitioner into state custody on January 19, 2011. Dkt. 10 at 5-6. Because the Court can no longer afford petitioner any form of relief sought by his petition, the Court recommends that the petition for writ of mandamus, Dkt. 4, be DENIED as moot and this case DISMISSED without prejudice.

## II.   BACKGROUND

In July 1992 petitioner was sentenced in the Superior Court of the District of Columbia to concurrent prison terms for the crimes of armed robbery, possession of a firearm during a crime of violence, carrying a pistol without a license, and assault with a dangerous weapon. *See* Dkt. 10, Ex. 1; *id.*, Ex. 2 (judgment and commitment orders). Petitioner was paroled by the Commission on March 7, 2008, subject to supervision through September 27, 2013. *See id.*, Ex. 3 (parole certificate). On June 24, 2008, however, the Commission charged petitioner with violating the terms of his release by failing to submit monthly supervision reports and failing to report a change in residence. *See id.*, Ex. 4 (warrant application). The Commission also issued a parole violator warrant for petitioner which instructed the United States Marshal's Office to take petitioner into custody, unless petitioner was already in custody of federal or state authorities. *See id.*, Ex. 5 (warrant); *id.*, Ex. 6 (warrant instructions).

On January 29, 2009, the Commission learned that petitioner had been charged with committing organized retail theft on June 21, 2008 in Thurston County Superior Court, as well as assault in the third degree in Pierce County Superior Court. *See id.*, Ex. 7 (U.S. Probation Officer McDaniel's letter to the Commission). Specifically, the third degree assault charges stem from an August 5, 2008 incident in which petitioner allegedly drove his car at a corrections officer who was attempting to arrest petitioner, along with a deputy United States

ORDER
PAGE - 2

Marshal, on the Commission's June 2008 parole violator warrant. *See id*. The corrections officer shot petitioner, and petitioner was taken into local custody. Petitioner has been in continuous state or federal custody since his arrest on August 5, 2008. *See id*., Ex. 12 (Hillier's August 12, 2010 letter to the Commission).

Petitioner was convicted of the retail theft charge in Thurston County, and sentenced on July 16, 2010, to a three-month jail term. *See id*., Ex. 8 (Thurston County Superior Court docket dated July 27, 2010). He has finished that sentence. *See id*., Ex. 12. Although petitioner was also tried twice in Pierce County Superior Court regarding the third degree assault charge, the jury could not reach a verdict on both occasions. *See id*., Ex. 7.

On July 26, 2010, petitioner from transferred from local custody to the custody of the United States Marshal's Office pursuant to the parole violator warrant, and incarcerated at the Sea-Tac Federal Detention Center. *See id*., Ex. 7; *id*., Ex. 9 (executed warrant). On August 11, 2010, the Commission issued a supplemental warrant application adding the organized retail theft and assault charges. *See id*., Ex. 10.

When petitioner was interviewed by a U.S. Probation Officer in August 2010 to determine if probable cause existed for the alleged parole violations, petitioner admitted the two administrative violations and the theft charge. *See id*., Ex. 11. Petitioner denied the assault charge, however. *See id*. Petitioner also requested a local parole revocation hearing if the Commission elected not to release him for time already served. *See id*. In addition, the Federal Public Defender, Thomas Hillier, informed the Commission that petitioner had authorized him to request an expedited revocation offer from the Commission that provided for parole revocation, forfeiture of time spent on parole, and a prompt reparole after time already served. *See id*., Ex. 12 (Hillier's August 12, 2010 letter to the Commission).

In November 2010, the Commission found probable cause for parole violation[1] and informed petitioner of this decision and the determination that he would be designated to a federal institution for a parole revocation hearing. *See id.*, Ex. 14 (probable cause worksheet); *id.*, Ex. 15 (November 29, 2010 letter). On December 10, 2010, the Commission sent petitioner an expedited revocation offer based on findings of violation on all charges except for the third degree assault charge. This letter proposed that the following steps be taken without a revocation hearing: parole would be provoked, petitioner would not be credited for any time spent on parole, and reparole would be effective March 19, 2011, with special conditions on drug and alcohol aftercare. *See id.*, Ex. 17. When this offer was not accepted, the Commission presented petitioner and his counsel with a revised expected revocation offer on January 3, 2011. *See id.*, Ex. 18. The revised offer provided that petitioner would be paroled as of January 19, 2011, after the service of approximately thirty-one months, and that he would spend a period of up to 120 day in a community correction center. *See id.*

On January 6, 2011, however, after the Commissioner's amended expected revocation proposal had been presented, Pierce County placed a detainer on petitioner pertaining to the pending third degree assault charge. *See* Dkt. 11 at 1-2 (Brunner Decl.); *State of Washington v. Lawrence Richard Steele*, 08-1-03833-7, Pierce County Superior Court. As a result, the offer extended to petitioner was revised to parole petitioner to the Pierce County detainer. *See* Dkt. 10 at 4. On the morning of January 19, 2011, the Bureau of Prisons relinquished petitioner into the custody of Pierce County. *See* Dkt. 11 at 2 (Brunner Decl.).

---

[1] This determination appears to have been based upon disciplinary reports and hearing findings regarding several incidents of jail misconduct by petitioner that the Thurston County Sheriff's Office sent to the Commission in September 2010. *See id.*, Ex. 13.

ORDER
PAGE - 4

### III.   DISCUSSION

In his December 2010 petition for writ of mandamus, petitioner contends that the Commission failed to give him a revocation hearing within ninety days of his arrest on the Commission's parole violator warrant, as required by 18 U.S.C. § 4214(c). Specifically, that provision provides that "[a]ny alleged parole violator who is summoned or retaken by warrant under section 4213 . . . shall receive a revocation hearing within ninety days of the retaking. The Commission may conduct such hearing at the institution to which he has been returned[.]" 18 U.S.C. § 4214(c).  The government concedes that "[t]here is no doubt that the Commission has failed to meet the requirement of 18 U.S.C. § 4214(c)[.]" Dkt. 10 at 4. Indeed, the parole violator warrant was executed no later than July 26, 2010, when petitioner was transferred into federal custody, despite petitioner's requests for such a hearing. Dkt. 4.

Although petitioner requests that the Court order the Commission to either release him from custody on the violator warrant and reinstate him to parole supervision or grant him a local revocation hearing, the government responds that "the only proper form of relief in this matter is an order requiring the Commission to promptly conduct an institutional revocation hearing." *Id*. at 4. Specifically, a local revocation hearing is a hearing held reasonably near the place of the alleged parole violation, whereas an institutional revocation hearing takes place at either the Federal Transfer Center in Oklahoma City, or the Federal Detention Center in Philadelphia. *See* Dkt. 10 at 5 n.3; 28 C.F.R. § 2.49(a). Respondent argues that "the remedy for a violation of the time limits for conducting a revocation hearing is not release from custody but an order requiring the Commission to promptly conduct an institutional revocation hearing. *See* Dkt. 10 at 5. *See also Berg v. U.S. Parole Commission*, 735 F.2d 378, 379 n.3 (9th Cir. 1984) (holding that although a 36-month delay between a prisoner's imprisonment

and revocation hearing violated the Commission's regulations, in the absence of evidence that the delay was unreasonable or resulted in prejudice, the prisoner "is entitled only to a writ of mandamus compelling compliance" in the form of the required hearing.)

In light of the fact that petitioner has been relinquished into state custody, however, this Court need not determine what form of relief petitioner may have been entitled to as a result of the Commission's failure to conduct a timely revocation hearing in accordance with 18 U.S.C. § 4214(c). Petitioner's request for relief in his December 2010 petition for a writ of mandamus was premised upon his argument that "the only basis for petitioner's confinement is the Commission's parole violator warrant," because at that time the Commission was refraining from taking any action "before Pierce County decides whether to try petitioner for a third time on the 2008 third degree assault charge." Dkt. 4 at 6-7. Since that time, however, Pierce County has placed a detainer on petitioner related to the assault charge.

Moreover, because the Bureau of Prisons relinquished primary jurisdiction over petitioner when it transferred him to state custody on January 19, 2011, this Court no longer has authority to afford petitioner the relief sought by his petition for writ of mandamus. *See Taylor v. Reno,* 164 F.3d 440, 444-45 (9th Cir. 1998) (noting that a lack of "primary jurisdiction" means that the sovereign lacks priority of jurisdiction for purposes of trial, sentencing, and incarceration of a prisoner, and holding that the federal government relinquished primary jurisdiction of a prisoner when it released him on his own recognizance, and the prisoner was arrested by state authorities on state charges). Accordingly, the issues presented by petitioner's December 6, 2010 petition for writ of mandamus, Dkt. 4, have become moot. *See Tate v. University Medical Center of Southern Nevada*, 606 F.3d 631, 634 (9th Cir. 2010) (providing that a federal court "does not have jurisdiction to give opinions upon

ORDER
PAGE - 6

moot questions . . . The basic question is whether there exists a present controversy as to which effective relief can be granted.").

## IV.   CONCLUSION

For the reasons discussed above, the petition for writ of mandamus, Dkt. 4, should be DENIED as moot and this case dismissed without prejudice.  The Clerk is directed to send a copy of this Order to counsel for the parties and the Honorable Ricardo S. Martinez.

DATED this 18th day of February, 2011.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge